E-FILED
Monday, 06 July, 2009  12:36:58 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD BUNTON, ALEX ETCHESON, and JAY ETCHESON, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-1044 |
| CAPE COD VILLAGE, LLC., | ) ) | |
| Defendant. | ) | |

# O R D E R

On May 21, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that this case be remanded to state court.  Defendant has filed a timely response to the Report & Recommendation, and this Order follows.  For the reasons set forth below, the Court adopts the Report & Recommendation, grants the Motion to Remand, and finds all other pending deadlines or issues moot.

## BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here.  Suffice it to say that this action arises out of Plaintiffs' dissatisfaction with the way their security deposits were handled by Defendant, as well as certain fees charged to them in connection with their apartment leases.  Defendant removed the case to this Court based on diversity jurisdiction, and Plaintiffs have moved to remand the case to state court claiming a failure

to satisfy the amount in controversy requirement.  The Magistrate Judge concluded that Plaintiffs' response to Defendant's requests to admit did not constitute an admission that the jurisdictional amount is satisfied and proceeded to make an independent assessment of the jurisdictional amount at issue.  After determining that each Plaintiff could not recover more than $3,000 in actual and statutory damages, the Magistrate Judge considered the amount of attorney's fees incurred up to removal and constitutional limitations on punitive damages before concluding that the Defendant failed to establish the jurisdictional amount.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  *See* Fed. R. Civ. P. 72(b).  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

## ANALYSIS

Defendant objects to the portion of the Report & Recommendation finding that the amount in controversy had not been satisfied.[1]  In assessing a motion to remand based on a challenge to the amount in controversy, courts must evaluate the amount required to

---

[1] The Court notes Defendant's complaint that they requested but did not receive oral argument on this Motion.  However, the fact that a party requests oral argument does not entitle them to it.  Local Rule 7.1(A) makes perfectly clear that it is within the discretion of the Court to determine whether oral argument will be held and it is incumbent upon the party requesting such argument, and not the Court, to state the reasons why oral argument is desired.  It is not at all uncommon for the Court to determine that oral argument would not be helpful or serve any valid purpose in resolving the pending issue despite the parties' suggestions to the contrary, which is obviously what the Magistrate Judge determined here.  This Court reaches the same conclusion on Defendant's renewed request for oral argument.

satisfy the plaintiff's demands in full on the day that the suit was removed.  <u>Oshana v. Coca-Cola Company</u>, 472 F.3d 506, 510-11 (7th Cir. 2007).  The defendant has the "burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met."  <u>Id.</u>, at 511, *citing* <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 543 (7th Cir. 2006).  A good-faith estimate of the damages is sufficient if plausible and supported by a preponderance of the evidence, and aggregating of class members' claims is not allowed.  <u>Id.</u>  Once this showing has been made, the plaintiff can defeat federal jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  <u>Id.</u>

Defendant largely bases its argument on its requests to admit and Plaintiffs' responses thereto.  Specifically, Defendant contends that because its requests were similar to those found sufficient to satisfy the amount in controversy in <u>Oshana</u>, it should have been found to have met its burden in this case.  Defendant's request was both compound and multi-part, asking Plaintiffs to:

> Admit that, . . . You will not individually seek: (i) an award of punitive damages in excess of $75,000; (ii) an award of compensatory damages in excess of $75,000; and (iii) an award of attorneys' fees in excess of $75,000; or (iv) an award of any combination of compensatory and punitive damages and attorneys' fees in excess of $75,000.

Plaintiffs responded, "Deny.  Depending on the course of this litigation, it is possible that attorney's fees could eventually exceed $75,000."

Plaintiffs' response makes this case distinguishable from <u>Oshana</u>, where the plaintiff responded solely with a flat denial.  Here, Plaintiffs qualified their denial to indicate that the course of the litigation might eventually cause their attorney's fees to exceed $75,000.  It

is clear from this response that Plaintiffs reasonably interpreted the question as including the totality of the attorney's fees that could be incurred during the entire course of the litigation and not limited to the amount to the fees incurred prior to the removal, which is the only amount that can be considered in determining the amount in controversy.  It is also clear from the qualification that Plaintiffs' only basis for denying the request was because the award of attorneys fees that could accrue during the course of the litigation could push their recovery over the $75,000 mark.  Had the request to admit been clearly limited to the time of removal, Plaintiffs state that they "would have admitted it."  (Response to Objection at 4)

As Defendant relies solely on requests to admit and responses thereto that the Court agrees are insufficient to establish by a preponderance of the evidence that the amount in controversy for any Plaintiff exceeds $75,000,  the Magistrate Judge did not err in declining to shift the burden to Plaintiffs or finding that the amount in controversy had not been sufficiently established.

Plaintiffs have established that at the time of removal, they had incurred $19,286.17 in attorney's fees.  Presumably, Plaintiff Bunton would be responsible for half this amount, as Plaintiff Jay Etchison is only involved as a co-signor for Plaintiff Alex Etchison and cannot recover separately.  Bunton, who has the most damages of any Plaintiff, had a $100 security deposit, $300 pet deposit, and a $50 key deposit all claimed to have been wrongfully withheld; a $499 payment to make the apartment ready for move-in; $793.88 in allegedly wrongful charges after Bunton moved out; and denial of interest on his deposits of approximately $22.50, for a total out-of-pocket loss of $1,765.38.  Additionally, Bunton would arguably be entitled to $900 for double the recovery of his deposits under Count II,

- 4 -

bringing the total in actual and statutory damages to $2,665.38.  Adding in his half of the attorney's fees incurred at the time of removal, Bunton's damages total $12,308.47, more than $62,000 below the $75,000 requirement.

The only remaining element of damages is the prayer for punitive damages in the fraud claims asserted in Counts III and IV.  Given his out-of-pocket damages of $1,765.38, Bunton would have to recover more than 35 times his damages as punitive damages to surpass the jurisdictional threshold.    The Magistrate Judge correctly noted the constitutional issues involved in assessing the amount of punitive damages awards.   This assessment involves consideration of three guideposts: "the reprehensibility of the action in question, the ratio between the compensatory and punitive damages, and the parallel remedies available."  Kunz v. Defelice, 538 F.3d 667, 679 (7th Cir. 2008), citing BMW of North America, Inc. v. Gore, 517 U.S. 559, 575 (1996).   While there is no precise mathematical formula to determine an appropriate ratio, the Supreme Court has held that "single-digit multipliers are more likely to comport with due process."  Philip Morris USA v. Williams, 549 U.S. 346, 351 (2007), citing State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).   However, "low awards of compensatory damages may properly support a higher ratio . . . if . . . a particularly egregious act has resulted in only a small amount of economic damages.: Kunz, 538 F.3d at 679.

The Magistrate Judge found that Plaintiffs' are likely to recover less than $3,000 in damages and that their harm was purely economic.  This is not a case like Oshana, where disgorgement of millions of dollars in profits was a possible recovery.   Furthermore, Defendant's conduct is not of sufficient magnitude to be considered shocking or heinous, such as would normally be thought to warrant a more disproportionate punitive award.

- 5 -

Accordingly, the Court concurs with the Magistrate Judge that this is not the type of case where a punitive damages award of more than 35 times the damages for each Plaintiff is a realistic possibility or would pass constitutional muster if scrutinized. The Court therefore agrees that based on the claims in this case, it is "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount," and the Court therefore lacks jurisdiction to entertain this case as a result of an insufficient amount in controversy. <u>Anthony v. Security Pacific Financial Services, Inc.</u>, 75 F.3d 311, 315, 318 (7th Cir. 1996) (finding to a legal certainty that a plaintiff could not satisfy the amount in controversy where it would require a punitive damages award of 17.35 times plaintiff's actual damages.)

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#10] of the Magistrate Judge in its entirety. Accordingly, the Motion to Remand [#2] is GRANTED. This matter is REMANDED to the Circuit Court of Tazewell County for further proceedings, and any deadlines or other pending issues are moot.

ENTERED this 6th day of July, 2009.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge